IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elaine Murken, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 2379 |
| I.C. System, Inc., a Minnesota corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Elaine Murken, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

### PARTIES

3. Plaintiff, Elaine Murken ("Murken"), is a citizen of the State of New York from whom Defendant continued to attempt to collect a delinquent consumer debt she owed for a Bank of America credit card, despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. ICS operates a nationwide collection agency and collects debts from consumers in virtually every state, including the State of Illinois. Moreover, ICS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Murken.

5. Defendant ICS is licensed to act as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit A. In fact, ICS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Murken is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant ICS began trying to collect a delinquent Bank of America debt from Ms. Murken, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ICS's collection actions.

7. On February 5, 2010, one of Ms. Murken's attorneys at LASPD told ICS, in writing, to cease all further collection actions, because Ms. Murken was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

8. Nonetheless, on February 22, 2010, Defendant ICS sent a collection letter, demanding payment of the Bank of America debt. A copy of this letter is attached

as Exhibit C.

9. Accordingly, on March 13, 2010, one of Ms. Murken's LASPD attorneys wrote Defendant ICS, to again demand that ICS cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

10. All of Defendant ICS's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant ICS' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

12. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

13. Here, the letter from Ms. Murken's agent, LASPD, told Defendant ICS to cease collections because Ms. Murken refused to pay the debt (Exhibit B). By continuing to demand payment of this debt (Exhibit C), despite Ms. Murken's refusal to pay, Defendant ICS violated § 1692c(c) of the FDCPA.

14. Defendant ICS' violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Elaine Murken, prays that this Court:

1. Find that Defendant ICS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Murken, and against Defendant ICS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elaine Murken, demands trial by jury.

Elaine Murken,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 16, 2010

David J. Philipps  (Ill. Bar No. 06196285)
Mary E. Philipps  (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com